MINERAL SPRINGS MANUFACTURING COMPANY *vs.* JOHN McCARTHY.

First Judicial District, Hartford, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

While the nature and relative location of the tracts of land over and to which a right of passway is granted, as well as other circumstances attending the grant, may properly be regarded by the court in determining the purposes for which the way may be used by the grantee, yet such evidence cannot control the unambiguous language of the grant, nor impair or qualify the right of the grantee in his use of an unrestricted right of way clearly given by the terms of the instrument.

The deed creating the passway in question declared that it should be used by the grantees, under whom the defendant claimed, in common with others in passing from the premises to the highway, and was "not to be incumbered in any way or by any person whatever," except a slight projection of the grantees' doorsteps. *Held* that in view of this explicit provision the plaintiff, who had subsequently purchased the remaining land of the grantor over which this passway ran, had no right to erect and maintain bars across such way.

The plaintiff erected the bars under a claim of right which the defendant denied, and the bars were several times erected by the plaintiff and torn down by the defendant. *Held* that a finding by the trial court to the effect that the plaintiff had not, by such interrupted maintenance, acquired the right to forever maintain the bars, was a conclusion of fact, and fully justified by the subordinate facts detailed in the finding.

[Argued January 7th–decided February 21st, 1896.]

SUIT for an injunction to restrain the defendant from removing bars and gates across a certain passway; brought to

·the Superior Court in Tolland County and tried to the court, *Shumway, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William W. Hyde* and *Jeremiah M. Sheehan*, for the appellant (plaintiff).

The maintenance of said bars across the passageway is not an incumbrance within the meaning of the language in the deed from Fuller to the Cockrans of June 22, 1860. *Allan* v. *Gomme*, 11 Ad. & El., 759; *Skull* v. *Glenister*, 16 C. B. N. S., 81; *United Land Co.* v. *Great Eastern Ry. Co.*, L. R. 10 Ch. App., 586; *Atkins* v. *Boardman*, 2 Met., 457; Goddard's Law of Easements, 331; Washburn on Easements (3d Ed.), 264, 265; Cooley on Torts (2d Ed.), 437 (*371); Tiedeman on Real Property, § 608; *Maxwell* v. *McAtee,* 9 B. Mon., 20; *Garland* v. *Furber*, 47 N. H., 301; *Meth. Prot. Church* v. *Laws*, 7 Ohio C. C., 211; *Frazier* v. *Myer*, 132 Ind., 71; *Whaley* v. *Jarrett*, 69 Wis., 613; *Brill* v. *Brill*, 108 N. Y., 511; *Bean* v. *Coleman*, 44 N. H., 539, 543; *Baker* v. *Frick*, 45 Md., 337; *Green* v. *Goff*, 44 Ill. App., 589; *Connery* v. *Brooke*, 73 Pa. St., 80.

Having maintained the bars for a period of thirty years under a claim of right without interference on the part of the Corkrans, the plaintiff has the right to continue them in the same way it has always done. 1 Amer. & Eng. Ency. of Law, 228; *Sherwood* v. *Burr*, 4 Day, 244, 251; *School District* v. *Lynch*, 33 Conn., 330. The defendant has no right in the way as the owner of the lot on which he built, except such as arises from necessity in the use of said lot as a garden. ·*Collins* v. *Prentice*, 15 Conn., 39; *Pierce* v. *Selleck*, 18 id., 321; *McDonald* v. *Lindall*, 3 Rawle, 492; *Gayford* v. *Moffatt*, L. R. 4 Ch. App., 133; *Wimbleton*, etc., v. *Dixon*, L. R. 1 Ch. Div., 362, 368; Goddard's Law of Easements, 315 *et seq.* This is a case where a court of equity should interfere by injunction. *Johnson* v. *Kier*, 3 Pittsburg, 204; *Wahle* v.

*Reinbach*, 76 Ill., 322; *Burlington* v. *Schwarzman*, 52 Conn., 181; *Hawley* v. *Beardsley*, 47 id., 571.

*Joel H. Reed* and *Clitus H. King*, for the appellee (defendant).

The grant of way is expressed in general terms, and the plaintiff's claim that it should be limited to garden purposes only, is unreasonable and is not supported by the authorities. *Henning* v. *Burnett*, 8 Ex., 187; *Bakeman* v. *Talbot*, 31 N. Y., 369. The bars are an incumbrance within the meaning of the grant. *Patten* v. *Western Carolina Educational Co.*, 101 N. Car., 108. At all events, the defendant could not be required to keep up the bars, unless they were necessary and convenient for the defendant's use. *Bean* v. *Coleman*, 44 N. H., 539; Washburn on Easements (4th Ed.), 255. And that question is one of fact and not found by the trial court. *Brill* v. *Brill*, 15 Atl. Rep., 754. The case presented is not one for an injunction. 2 Swift's Dig., 156; Washburn on Easements, 750; 10 Amer. & Eng. Ency. of Law, 779, 780; *Eastman* v. *Amoskeag Mfg. Co.*, 47 N. H., 71; *Whittlesey* v. *H. P. & F. R. R. Co.*, 23 Conn., 421; *Hines* v. *Stephens*, 33 id., 497; *Hawley* v. *Beardsley*, 47 id., 571; *Smith* v. *King*, 61 id., 511; *Goodwin* v. *N. Y., N. H. & H. R. R. Co.*, 43 id., 494; *Blaine* v. *Brady*, 64 Md., 373.

FENN, J. The plaintiff, in its complaint, claimed an injunction to restrain the defendant, who was the owner of land adjacent to a farm belonging to the plaintiff and claimed a right of way over the plaintiff's land to his own, from permanently removing a certain gate and bars across said way, and from interfering with the plaintiff in the maintenance of said bars and gate over said passageway. The Superior Court found the issues for the defendant, and the plaintiff appealed.

The first five reasons—and the principal ones—assigned for the appeal, may be considered together. These are, in effect, that the court erred in holding that the grant of passageway in a deed from John Fuller, the plaintiff's

grantor, to Jeremiah and Mary Cockran, the defendant's predecessors in title, "was not to be construed with special reference to the nature, condition, and use of the subject-matter of the grant at the time the deed was executed and the obvious purposes which the parties had in view in creating said passageway." The plaintiff asserts that, construing the said deed with such reference to surrounding conditions and circumstances, it should have been held to have been the purpose of the parties to establish only a right of passageway for the Cockrans across the pasture of the plaintiff to the garden spot of the Cockrans; that the maintenance of the barway and bars across said passageway was not an incumbrance of such way, within the meaning of the said conveyance, and that the plaintiff had a right to maintain them.

The facts found by the court, material to the presentation of the above claims, are substantially these :—On June 22d, 1860, John Fuller, being the owner of all the land in question, now belonging to both the plaintiff and the defendant, conveyed to Jeremiah and Mary Cockran two certain separate pieces of said land, together with a certain right of passage. The first described piece was declared to be conveyed " together with the dwelling-house and the east half of a wood-house thereon standing." After describing the other piece, the deed provided that the said Jeremiah and Mary Cockran and their heirs and assigns forever, were to have the privilege of a passageway fourteen feet wide, from said last mentioned piece of land, beginning at a described point and running on the north side of said first described piece of land till it intersected with the highway at a defined point. The deed added: " Said passageway to be used in common with others to go to and from the premises from the highway with teams or otherwise; not to be incumbered in any way or by any person whatever, except the door-steps may come one and a half feet into the said passageway." At the time of said deed, the door-steps of the house on said first described tract of land did extend into said passageway about one and a half feet.

In 1863, said Fuller conveyed, without referring to any

right of passageway, a certain other piece of land adjacent to the second piece of land described in said first deed. These two pieces of land—the second piece in the first deed, and the adjacent piece in the second deed—were conveyed to said Cockrans by said Fuller to be used by them as a garden spot, although not so expressed in the deeds. Such land was, in fact, so used down to the year 1894.

The said John Fuller conveyed the balance of his land, subject to the above described passageway, to the plaintiff on the 29th day of February, 1864. In said deed to the plaintiff, after describing said passageway, it was provided that the same " is to be at all times kept open and in common, for said Cockran and all the world to go to and from said highway to place of residence of said Cockran." At the time when said deed of June 22d, 1860, was executed and delivered, there was a wall running north and south between the first and second pieces of land described in said deed, and about one hundred and fifty feet east of the garden spot, with a bar-way with bars therein, through which bar-way the passageway mentioned in said deed, which ran easterly and westerly, passed. All the land of the plaintiff west of said wall and surrounding the land of said Cockrans, situated west of said wall, namely, that used as a garden spot, has, during all the time since the deed of June 22d, 1860, referred to, been used by the plaintiff and its grantor for a pasture. The land east of said wall has ever since the same time, been used as sites for dwellings, for gardens, and for lawns and grass land. The defendant, who is the son of said Mary Cockran, became by descent and distribution in March, 1894, the owner of a part of that piece of land herein referred to as the garden spot. After becoming such owner, he erected a dwelling-house thereon. Since coming into possession of the premises he has claimed the right to remove said bars and to prevent the plaintiff from keeping them up, and he has torn said bars down, claiming the right to do so. The removal of the bars deprives the plaintiff of the use of the premises west of the wall as a pasture, unless the same is fenced.

We think the plaintiff is right in its contention that the language of the grant in question, so far as the same is ambiguous and uncertain, should be construed with reference to the circumstances surrounding such grant; and that the nature, condition and use of the subject-matter thereof, at the time the deed was executed, should be regarded. But while this is true, it is also certain that neither the court below was required, nor are we permitted, to make, under the guise of construction, a new and different contract in lieu of that entered into by the parties themselves. The fact, therefore, that the second described piece of land in the deed of 1860, and the piece most distant from the highway, was needed by the Cockrans for a garden spot, and was sold to them by Fuller with that knowledge, and also the further fact that the land now belonging to the plaintiff west of the wall, was pasture, has little or no significance; since the grantor in his conveyance did not see fit to make any reference whatever to such facts, or any qualification, limitation, restriction or provision relating thereto, or by reason thereof. On the contrary, it would seem that the language used was purposely made so broad and comprehensive as to negative any imputation or presumption of an intent by the parties to qualify what the plaintiff in its brief refers to as "the most arbitrary construction possible."

While the passageway extends from the highway to the garden spot, past the then existing dwelling-house on the first described piece of land in the deed of 1860, to which the language in the subsequent deed from Fuller to the plaintiff, in 1864, refers, providing that it (the passageway) "shall at all times be kept open for said Cockran and all the world to go to and from,"—the said deed of 1860 makes no difference or discrimination between portions of said passageway. It is to be used "in common with others to go to and from the premises from the highway, with teams or otherwise." Moreover, the grant of the right of way, of which the sentence quoted is a part, is attached to, follows and is a part of the description of said second piece of land, or garden spot, in the deed. Surely, the plaintiff goes

pretty far when, thirty-five years after the deed was made, it asks us, upon an appeal, in a suit claiming nothing except an injunction against certain acts, as before indicated, to construe the deed of 1860 from Fuller to the Cockrans, in view of the language in the deed of 1864 from said Fuller to the plaintiff, in this wise: "From the highway to Cockran's house, the passage was to be a public way to all intents and purposes. West of the wall, however, it never occurred to Fuller that there was or ever would be any claim that the passageway was to be kept open to the public, as is now set up. In the original grant, the word 'premises' is used, and the fact that one lot was where Cockran lived, while the other was nothing but a garden spot, naturally led Fuller to overlook the fact that language sufficient to give free access to the dwelling might later be used to found a claim that would, if sustained, deprive him of his pasture. Hence, he did not mention the bars." It may at least be truly said, that none of the cases cited by the plaintiff go as far as would be requisite in order to support this claim.

But it is said that in this case the question is, what was meant by the words "not to be incumbered." Concerning this, we agree that "there is no absolute iron clad meaning to be given to the phrase." We think, however, that in view of the unqualified language employed throughout the grant of this right of way, making, as we have seen, no discrimination between different portions of it; locating a passageway to be used in common, then providing that it was "not to be incumbered in any way, or by any person whatever;" then making as the sole expressed exception, the grant of a privilege to the grantees to so incumber by doorsteps,—we are not at liberty to override the rule that would make this exception of one, even if less peculiar and suggestive than it is, operate as an exclusion of all others, and to hold either that the bars and gate-way were not an incumbrance, though the facts which would show what inconvenience their continuance might cause, do not appear; or to hold that, being an incumbrance, they were not intended to be covered by the expression used.

Another reason of appeal assigned by the plaintiff is to the effect that the court erred in refusing to hold that the plaintiff had, by its maintenance of said bar-way and bars across said passageway, under a claim of right, acquired the right to forever maintain the same. This claim, however, is disposed of by the finding of the court, as a conclusion of fact, that no such right has been acquired ; which conclusion is fully justified and supported by the subordinate facts which are recited in the finding.

We do not regard it necessary to consider the further questions argued, as to whether or not the complaint presented a case which if proved, would have entitled the plaintiff to the relief claimed—the remedy of injunction ; whether the defendant had the right, if he had desired, to have had the issues of fact determined by a jury, and to what extent the judgment might have been vindicated by the discretion vested in the trial court in cases of this character.

There is no error.

In this opinion the other judges concurred.